**Palwinder Singh CHAHAL, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74449.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Jan. 3, 2008.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, Joan E. Smiley, Esq, Richard M. Evans, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

## MEMORANDUM **

Palwinder Singh Chahal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's and BIA's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir. 2003). We dismiss the petition in part, and deny the petition in part.

We dismiss Chahal's asylum claim, because he failed to exhaust it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

Substantial evidence supports the IJ's and BIA's denial of withholding of removal based on an adverse credibility finding. First, the IJ specifically and cogently referred to the non-credible aspects of Chahal's demeanor as required for a demeanor-based adverse credibility finding. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003). Second, Chahal's testimony was internally inconsistent and inconsistent with his asylum application.

** This disposition is not appropriate for publi-

*See Li v. Ashcroft,* 378 F.3d 959, 962–64 (9th Cir.2004). Finally, after identifying specific inconsistencies in Chahal's testimony, the IJ did an individualized analysis of his situation in light of generalized country conditions, and therefore properly relied on the State Department Report to support the adverse credibility determination. *See Chebchoub v. INS,* 257 F.3d 1038, 1043–44 (9th Cir.2001).

Chahal's CAT claim also fails because it is based on the same testimony that the IJ and BIA found not credible, and he points to no other evidence that he could claim the IJ and BIA should have considered. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Hudikian's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.